UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-80148-CR-BER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAREN TURK,

    Defendant.

_____/

ORDER ON DEFENDANT'S EMERGENCY MOTION FOR BOND PENDING APPEAL

Defendant Karen Turk moves for bond pending appeal.  Ms. Turk pled guilty to one count of making false statements to the Social Security Administration.  I presided over her guilty plea.  Her plea agreement included a waiver of her right to appeal a sentence within the calculated Sentencing Guideline range.  DE 15 at ¶ 7.  I fully explained this waiver to Ms. Turk and I found that her appeal waiver was knowing and voluntary.  I also explained, and Ms. Turk, acknowledged, that by pleading guilty she was taking the risk of being sentenced to a term of incarceration.

I subsequently sentenced Ms. Turk to 1 month imprisonment, followed by one year of supervised release with a special condition of five months of house arrest.  DE 27. This sentence was within the applicable Sentencing Guidelines range.  I allowed Ms. Turk to remain at liberty pending execution of her sentence.  She is scheduled to surrender to begin serving her sentence at noon on March 2, 2020.  She previously moved to stay her surrender date. DE 35.  I denied that motion.  DE 36.  She now moves for bond pending appeal.  DE 38.

Under Title 18, United States Code, Section 3143(b), I can release Ms. Turk on bond pending appeal only if I find:

(1) There is clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released; and

(2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of her conviction, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Because I find that the appeal fails to raise a substantial question of law or fact likely to result in a non-incarcerative sentence, I need not address the other elements of Section 3143(b).[1]

As noted above, Ms. Turk knowingly and voluntarily waived her right to appeal a Guidelines sentence. Nevertheless, she seeks to appeal to assert a claim that I erred in imposing a term of imprisonment, albeit one authorized by a Guidelines range to which she did not (and does not) object. Far from being *likely* to result in a remand for resentencing to a non-prison sentence, her appeal will almost certainly be dismissed without an adjudication on the merits.

WHEREFORE, the Emergency Motion for Bond Pending Appeal is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida this 26th day of February, 2020.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Ms. Turk pled guilty, her appeal cannot result in a reversal of her conviction or a new trial.